Deaderick, J.,
delivered the opinion of the court.,
R. H. Anderson & Co. recovered a judgment against Mason before two justices of the peace of Madison County for $60.82 and costs, upon a warrant in debt due by account under $250, and Garland became the surety of Mason upon his bond for an appeal to the circuit court.
Upon the trial in the circuit court, a verdict was. *39 rendered against Mason for $66.97 and costs, and thereupon the court gave judgment against Mason, and Garland, his surety in the appeal bond, for the amount of the verdict and costs, and both' appealed to this court.
Note. The foregoing matter is regulated by express enactment; Code, sec. 3162, requiring the appeal bond to be for debt, damages, and costs, in “ actions founded on bonds for the payment of money, bills single, bills of exchange, promissory notes, liquidated accounts signed by the party to be charged therewith, written obligations for the payment of hank notes or promissory notes, bonds or written obligations for the delivery of specific articles; or on endorsements of negotiable instruments;” and sec. 3163 requiring the bond “ in all other cases of appeals in suits at law ” to be for damages and costs only.
The judgment against Mason was correct, and will be affirmed.
The judgment against Garland should have been for damages and 'costs onlv, and not for the debt also.
It is manifest that the account sued on was not a liquidated account signed by the party, but was merely an open account; and a surety upon a bond for an appeal from a judgment upon an open and unsigned account, is liable for costs and damages only, and not for the debt also.
The judgment will be rendered here against Mason for the debt, damages, and costs; against Garland for damages and the costs of the circuit court; and against Mason and "W. II. Burton, the surety on the appeal to this court, for the costs of this court.
A rehearing was granted in this case with the following result: